UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RAYMOND LOVE,<br><br>                Plaintiff,<br>  vs.<br><br>INDIANA DEPT. OF CORRECTIONS, et al.,<br><br>                Defendants. | )<br>)<br>)<br>)  1:09-cv-1361-WTL-TAB<br>)<br>)<br>)<br>) |

**Entry and Order Directing Dismissal of Action**

Plaintiff Raymond M. Love, an inmate at the Pendleton Correctional Facility ("PCF"), filed this civil rights action alleging that he was denied access to the law library to research and draft a post-conviction relief appeal and that subsequently the appeal was dismissed for "failing to comply with brief rules of construction." This action is brought pursuant to 42 U.S.C. § 1983. "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). The federal right implicated by Love's claim is the First Amendment right to access the courts. The defendants are 1) the Indiana Department of Correction ("DOC"), 2) the PCF, 3) DOC Commissioner Edwin Buss, and 4) PCF Superintendent Allen Finnan. Love seeks declaratory relief and punitive damages.

**I.**

The complaint is subject to the screening required by 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.; see Lagerstrom V. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)).

**II.**

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). The complaint fails to state a viable claim for relief as to any defendant–not because of the claim itself, but because of who has been sued.

- Claims against the DOC and the PCF are dismissed. Both the DOC and the PCF are agencies of the State of Indiana. Eleventh Amendment immunity bars suits against Indiana and its agencies regardless of the relief sought. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). In addition, states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989). These principles also compel the dismissal of § 1983 claims for damages against the defendant individuals in their official capacities. See *Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment).

- Claims against DOC Commissioner Buss and Superintendent Finnan are dismissed as legally insufficient insofar as these defendants are sued in their individual capacities because there is no allegation of wrongdoing on their part. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994) (district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution). To the extent these defendants are included as defendants because of their supervisory positions, these positions alone are not adequate to support the imposition of liability. *See West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997)("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit").

For the reasons explained above, even when liberally construed, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim under 42 U.S.C. § 1983. Dismissal of the federal claims pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/02/2009

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana